IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON JIN WESKER,

                        Plaintiff,

        v.                                                            OPINION and ORDER

IRON WORKERS LOCAL 383,                                               25-cv-796-jdp

                        Defendant.

---

Plaintiff Leon Jin Wesker, proceeding without counsel, alleges that he was discriminated against because of his race and hearing impairment. Wesker proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Wesker's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint because it fails to state a plausible claim for relief, but I will allow Wesker to amend the complaint to fix this problem.

Wesker also asks the court to appoint counsel, an American Sign Language interpreter, and a certified deaf interpreter. I will deny these requests for now.

ALLEGATIONS OF FACT

Iron Workers Local 383 contracted to provide workers to JH Findorff. On September 23, 2022, the foreman of Iron Workers, Teddy Anderson, did not pick Wesker up for work, which made him late. Anderson was mad at Wesker, and a coworker made fun of him, because

he was late. Wesker believes that Anderson and others thought that this tardiness was funny because of his disability.

Later that day, another coworker hit Wesker's hard hat with pliers. Wesker told that individual to stop, but he used an expletive toward Wesker. "At lunch, another coworker began making facial expressions mocking [Wesker's] Asian heritage." Dkt. 1 at 3. After lunch, a fourth coworker shoved Wesker and used an expletive toward him. At the end of the day, Anderson asked Wesker what happened, and Wesker left. Wesker reported what happened to Iron Workers representative Pete Stern. Stern told Wesker to get the names of the coworkers from Anderson, but Anderson would not provide that information. Apparently, Wesker never returned to work.

ANALYSIS

## A. Screening the complaint

I take Wesker to bring racial discrimination and constructive discharge claims under Title VII of the Civil Rights Act of 1964, and disability discrimination and constructive discharge claims under Title I of the Americans with Disabilities Act (ADA). Wesker seeks $150,000 in "lost income." Dkt. 1 at 4.

### 1. Title VII claims

#### a. Racial discrimination claim

As a general rule, to state a claim for racial discrimination, a plaintiff need only identify the type of discrimination, when it occurred, and by whom. *See Swanson v. Citibank*, N.A., 614 F.3d 400, 405 (7th Cir. 2010). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *See id.* at 404. Conclusory and speculative

allegations don't plausibly suggest racial discrimination. *See Miao v. United Airlines, Inc.*, 164 F.4th 622, 625–26 (7th Cir. 2026). Stating a plausible claim for relief "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Wesker alleges that a coworker made facial expressions mocking his Asian heritage. I agree that this is a derogatory racial gesture. But nevertheless there are two problems with this allegation. First, Wesker does not allege that derogatory facial expressions were made by anyone with decision-making authority. Accordingly, the facial expression is the equivalent of a "stray comment," which is not enough to support an inference of discrimination. *Schreiner v. Caterpillar, Inc.*, 250 F.3d 1096, 1099 (7th Cir. 2001). Second, Wesker hasn't alleged that he faced any specific adverse employment action, such as being fired or demoted. Rather he suggests general workplace harassment, but his allegations aren't sufficient to suggest that the harassment was race-related. Without more facts about the mistreatment by Wesker's coworkers, I cannot plausibly infer that the harassing conduct (other than the facial expression) was because of his race. I will not allow Wesker to proceed on a racial discrimination claim.

### b. Constructive discharge claim

As a general rule, to state a constructive discharge claim based on racial discrimination, the plaintiff must plausibly allege: (1) a racial discrimination claim; (2) the racial discrimination was severe enough that a reasonable person in his position would have felt compelled to resign; and (3) he actually resigned. *See Green v. Brennan*, 578 U.S. 547, 555–56 (2016).

As discussed, Wesker has not plausibly alleged that he was mistreated based on his race, so he hasn't met the first requirement. Nor has Wesker met the second requirement. Again, Wesker's allegations suggest general harassment by his coworkers that occurred on just one

day. The working conditions that Wesker describes don't plausibly suggest that a reasonable person in his position would have felt compelled to resign. That Anderson failed to obtain the names of the employees who harassed Wesker is not enough. I will not allow Wesker to proceed on a constructive discharge claim based on racial discrimination.

### 2. ADA claims

#### a. Disability discrimination claim

To state an ADA disability discrimination claim, Wesker must plausibly allege that: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) his employer took an adverse job action against him because of his disability or failed to make a reasonable accommodation. *See Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000); *see also Wileman v. Sch. Dist. of Janesville*, No. 17-cv-531-jdp, 2018 WL 1401261, at *6 (W.D. Wis. Mar. 19, 2018).

I do not take Wesker to bring a disability discrimination claim based on his employer's failure to provide a reasonable accommodation. Rather, I take Wesker to allege that he was mistreated because he's hearing impaired.

Wesker alleges that Anderson didn't pick him up for work and others were mad at him because he was late. Wesker also alleges that a coworker made fun of him because he was late, and that he believes that Anderson and others thought his tardiness was funny because of his disability. Without more facts, these allegations don't plausibly suggest that Anderson or any other employee of Iron Workers or JH Findorff mistreated Wesker because of his hearing impairment. To state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I will not allow Wesker to proceed on a disability discrimination claim.

### b. Constructive discharge claim

As a general rule, to state a constructive discharge claim based on disability discrimination, the plaintiff must plausibly allege: (1) a disability discrimination claim; (2) the disability discrimination was severe enough that a reasonable person in his position would have felt compelled to resign; and (3) he actually resigned. *Cf. Green*, 578 U.S. at 555–56; *Kinney v. St. Mary's Health, Inc.*, 76 F.4th 635, 648 (7th Cir. 2023).

I will not allow Wesker to proceed on this claim for two reasons. First, as discussed, he hasn't alleged a plausible disability discrimination claim. Second, Wesker's allegations don't plausibly suggest that the mistreatment he describes was severe enough to compel a reasonable person in his position to resign.

### 3. Instructions on amending the complaint

I will allow Wesker to file an amended complaint that fixes the above pleading problems. The amended complaint must be filed on the court's nonprisoner complaint form, which the court will send him with this order. If Wesker needs additional space, he may include no more than five supplemental pages.

In drafting his amended complaint, Wesker should remember to:

- Name his employer (or employers) as the defendant (or defendants), and take care to allege what his employer's employees did, or failed to do, to violate his rights.

- Wesker should avoid referring to several employees together. For instance, if more than one employee has taken a particular action that Wesker believes supports a claim against his employer, he should identify each employee who took that action.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

## B. Motion to appoint counsel and for other relief

Wesker moves the court to appoint counsel, an American Sign Language (ASL) interpreter, and a certified deaf interpreter.

I begin with the request for counsel. Litigants in civil cases don't have a constitutional right to counsel, and the court doesn't have the authority to appoint counsel to plaintiffs proceeding without counsel in civil matters. Rather, the court can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc). So, the court will construe Wesker's request for counsel as a motion for assistance in recruiting counsel.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). Wesker has met the first requirement because he's proceeding without prepaying the filing fee.

On the second requirement, this court usually requires plaintiffs to submit copies of letters from at least three attorneys to whom they have written and who have refused to take the case. Wesker hasn't met this requirement specifically, or more generally described any efforts that he's made to obtain counsel on his own. Wesker has not met the second requirement.

But even had Wesker met the second requirement, he hasn't shown that this case involves issues that are too complex for him to handle without counsel. Wesker brings ordinary employment discrimination claims; litigants proceeding without counsel litigate claims of comparable difficulty every day in federal courts. Wesker faces an added barrier, his hearing impairment. But he hasn't explained how this impairment would make it overly complicated for him to draft a plausible amended complaint, which is the only litigation task that he faces at this time. The court has explained the problems with the complaint and provided instructions on how to amend the complaint, which should help Wesker with that task.

Wesker's motion for court assistance in recruiting counsel is denied without prejudice. This means that, if Wesker's amended complaint passes screening, he may renew his request for court assistance in recruiting counsel. But he will still have to meet the requirements set forth above.

That leaves Wesker's requests for an ASL interpreter and a certified deaf interpreter. I will deny these requests as premature. Wesker's only litigation obligation at this time is to amend the complaint, and he hasn't explained why he would need an ASL interpreter or a certified deaf interpreter to complete that task.

ORDER

IT IS ORDERED that:

1. Plaintiff Leon Jin Wesker's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until May 1, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may

submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

7. Plaintiff is to be sent a copy of the court's nonprisoner complaint form.

Entered April 1, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge