IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON JIN WESKER,

　　　　　　　　　　　　Plaintiff,

　　v.

IRON WORKERS LOCAL 383,

　　　　　　　　　　　　Defendant.

OPINION and ORDER

25-cv-796-jdp

---

In response to my screening order, plaintiff Leon Jin Wesker, proceeding without counsel, alleges in amended complaint that his employer, defendant Iron Workers Local 383, discriminated against him because of his hearing impairment. Wesker proceeds without prepaying the filing fee, so I must screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 6 at 1. I will dismiss the amended complaint without leave to amend for failure to state a plausible claim for relief.

ALLEGATIONS OF FACT

In November 2021, Wesker attended a job fair and obtained an interview. He requested an interpreter because he didn't understand the paperwork but did not receive one. Between that time and February 2022, Wesker started his apprenticeship and was trained on how to work with rebar.

In February 2022, Wesker started working for Badgerland Erector pursuant to a contract between Badgerland and Iron Workers. *See* Dkt. 10 at 3. Badgerland's foreman, Brian, spoke with Anthony Anastasi from Iron Workers, apparently about what tools Wesker needed for the job. Anastasi sent this information to Wesker by text message. Wesker did not

"completely understand" that he needed a belt with a wire roller because that information wasn't explained to him. *Id.*

In April 2022, the foreman at Chilstrom, Kerry, became angry with Wesker because he didn't understand what was being said to him. Journeyman Lighting said, "[F]uck Leon, he doesn't listen, I can't communicate with him!" *Id.*

The next month, Wesker was working with Capitol Steel Erectors, Stevens Corporation, or both. *See id.* There, Wesker worked with the foreman, Michael, and journeyman Karen. Michael and Karen became frustrated with Wesker because they "could not explain what was required of [him]" due to the lack of an interpreter. *Id.* at 3–4. The swearing continued for five days.

Wesker contacted Iron Workers employee Pete Stern. Stern requested that Kerry and Lighting stop swearing at Wesker, but that conduct continued. Stern forwarded Wesker's complaint to Anastasi, who told Kerry and Lighting that their conduct was wrong. *See id.* at 4. Anastasi also told Kerry and Lighting that Wesker had hearing loss and not to swear at him.

In June 2022, Wesker started work on a project for JH Findorff and Son. The foreman, Pogney, was angry because Wesker's rebar wiring was wrong and Pogney started swearing at him. Wesker's tape measure turned up missing; either Wesker misplaced it or it was taken. Anastasi told Wesker to do the "fucking job" and not to forget his tools. *Id.* Anastasi added: "[I]f you want to cry about it, consider yourself fired and go home!" *Id.* Anastasi was concerned that Wesker was performing the job incorrectly and needed to fix any connections on which he had erred.

ANALYSIS

Wesker indicates in the complaint form that he's suing for a violation of federal law, but he does not expressly allege any cause of action. I take Wesker to bring a disability discrimination claim under Title I of the Americans with Disabilities Act (ADA). Wesker seeks "lost wages." *Id.* at 5.

To state an ADA disability discrimination claim, Wesker must plausibly allege that: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) his employer took an adverse job action against him because of his disability or failed to make a reasonable accommodation. *See Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000); *see also Wileman v. Sch. Dist. of Janesville*, No. 17-cv-531-jdp, 2018 WL 1401261, at *6 (W.D. Wis. Mar. 19, 2018). Wesker's claim falters on the second and third elements.

On the second element, Wesker suggests that he was otherwise qualified to perform the essential functions of his job with the reasonable accommodation of an interpreter. But Wesker alleges that, while working on the JH Findorff project, Anastasi fired him because he did not have his tape measure and had made erroneous rebar connections. Wesker acknowledges that his job performance fell short, but he hasn't alleged any facts suggesting that the shortcomings were caused by his hearing impairment or the lack of an interpreter. Wesker acknowledges that he was trained on how to work with rebar during his apprenticeship, and he doesn't allege that his hearing impairment interfered with training.

Wesker alleges that the lack of an interpreter interfered with his ability to communicate with Kerry, Lighting, and Michael in April and May 2022. But Wesker hasn't alleged that these

communication difficulties contributed to the performance-related shortcomings for which Anastasi fired him.

Wesker faults Anastasi for sending him a text message in which Anastasi inadequately explained that Wesker needed a belt with a wire roller to complete a job for Badgerland. But, again, Wesker does not allege any facts suggesting that Wesker's lack of an interpreter contributed to his failure to "completely understand" this message, or that this failure contributed to the performance-related shortcomings for which Anastasi fired him.

Wesker faults Iron Workers for failing to provide him with an interpreter at the November 2021 job fair, but it's unclear from his allegations whether he worked for Iron Workers at that time. Even if Wesker worked for Iron Workers at that time, Wesker hasn't alleged any facts suggesting that his lack of an interpreter at the job fair prevented him from being employed or that it contributed to the performance-related shortcomings for which Anastasi fired him. Wesker has not plausibly alleged that he was otherwise qualified to perform the essential functions of his job with the reasonable accommodation of an interpreter.

For similar reasons, Wesker has not plausibly alleged the third element, that Iron Workers took an adverse job action against him because of his disability or failed to make a reasonable accommodation. "A 'reasonable accommodation' is one that allows the disabled employee to 'perform the essential functions of the employment position.'" *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017) (quoting 42 U.S.C. § 12111(8)). "If the proposed accommodation does not make it possible for the employee to perform his job, then the employee is not a 'qualified individual' as that term is defined in the ADA." *Id.*

As explained above, Wesker hasn't alleged facts plausibly suggesting that having an interpreter would have enabled him to keep better track of his tools or work with rebar more

effectively. Mere speculation that an interpreter would have led to that result doesn't state a plausible ADA claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

Wesker has alleged an adverse job action, his termination, but he hasn't alleged any facts plausibly suggesting that Anastasi took that action because of his hearing impairment. Rather, as explained above, Wesker alleges that Anastasi fired him because of performance-related shortcomings. Wesker even acknowledges that, after receiving his complaint about mistreatment related to communication problems with coworkers, Anastasi told Kerry and Lighting not to engage in that conduct. Wesker's admission that Anastasi stood up for him in response to his complaint about mistreatment based on disability further dispels any inference that Wesker's hearing impairment contributed to Anastasi's decision to fire him. Wesker hasn't plausibly alleged the third element of a disability discrimination claim.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Wesker amended the complaint in response to a court order, so he had an opportunity to clarify the factual basis of his claims. Wesker alleges new facts in the amended complaint, but he at most describes sporadic harassment by his coworkers unrelated to the reasons for

5

which he lost his job. Wesker's allegations don't suggest that further amendment would yield

a viable claim, so I will dismiss the amended complaint without leave for further amendments.


## ORDER

IT IS ORDERED that:

1. Plaintiff Leon Jin Wesker's amended complaint, Dkt. 10, is DISMISSED without leave to amend.

2. The clerk of court is directed to enter judgment and close the case.

Entered June 3, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge